UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Kathleen Bailey | Reynold Siemens | |

| **Proceedings:** | DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Dkt. 20, filed October 22, 2015) |
|---|---|

## I. INTRODUCTION

On August 19, 2015, plaintiff Aspen Specialty Insurance Company ("Aspen") filed the instant "Complaint for Declaratory Judgment" against defendants Riddell, Inc.; All American Sports Corporation; Riddell Sports Group, Inc.; BRG Sports, Inc. (formerly known as "Easton Bell Sports, Inc."); BRG Sports, LLC (formerly known as "Easton-Bell Sports, LLC"); EB Sports Corp.; and BRG Sports Holdings Corp. (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff's declaratory relief action involves an insurance coverage dispute between Aspen, on the one hand, and defendants, on the other hand, arising from several underlying lawsuits that defendants allegedly tendered to Aspen for defense and indemnity roughly two years after the completion of the policy period.

On October 22, 2015, defendants filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 20 ("Motion"). On November 2, 2015, plaintiff filed an opposition to defendants' motion. Dkt. 22 ("Opp'n"). On November 9, 2015, defendants filed a reply. Dkt. 23 ("Reply"). The Court held oral argument on January 4, 2016. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

**II.     BACKGROUND**

   **A.     The Aspen Policy**

Plaintiff Aspen Specialty Insurance Company issued Products/Completed Operations Liability Coverage, Policy No. CRA844Wll, effective from July 31, 2011 to January 31, 2013 (the "Aspen Policy" or the "Policy"), to Easton Bell Sports, Inc. as the named insured. Compl. ¶ 11. A copy of the Policy that Aspen alleges to be true and correct is attached to the complaint and therefore is incorporated by reference. Compl., Ex. 1 (Aspen Policy). See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) (on a motion to dismiss the court may consider such materials that are incorporated into the complaint by reference).

      **1.     Initial Pages (Commercial General Liability Forms)**

The Policy is 67-pages long in total, beginning with, *inter alia*, Commercial General Liability ("CGL") Declarations, "Common Policy Conditions," and an eight-page "Products/Completed Operations Liability Coverage Form." See Compl., Ex. 1 at 1-15. Included in the "Products/Completed Operations Liability Coverage Form" are the following provisions, which are not cited in Aspen's complaint but which defendants cite in their motion to dismiss:

   BODILY INJURY AND PROPERTY DAMAGE LIABILITY

      1.     Insuring Agreement

         a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" included within the "products-completed operations hazard" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

> However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> * * *
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

Compl., Ex. 1 at 8. The "Products/Completed Operations Liability Coverage Form" later provides that Aspen's "obligation to defend an insured's indemnities and to pay for attorneys fees and necessary litigation expenses as Supplementary Payments ends" when "[w]e have used up the applicable limit of insurance in the payment of judgments or settlements." Id. at 11.

### 2. The Self-Insured Retention Endorsement

The first fifteen pages of the Policy are followed by a series of endorsements, including, from pages 46-52, a seven-page "Self Insured Retention Endorsement" (the "SIR Endorsement"), upon which Aspen relies in its complaint seeking declaratory relief in this action. The first words at the top of the SIR Endorsement read, "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**" Id. at 46. This admonishment is immediately followed by the following sentence, which is placed alone in a separate text box: "This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE FORM." Id. This text box is followed by a schedule of "Self Insured Retention Amounts," stating, in relevant part, that there is an aggregate self-insured retention amount of $1,500,000 "for all other hazards [i.e., for non-helmet claims]." Id. The opening text in the body of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

SIR Endorsement's second page reads, "The Insurance provided by this policy is subject to the following additional provisions, *which in the event of conflict with any other provisions elsewhere in the policy, shall control* the application of the Insurance to which this endorsement applies." Id. at 47 (emphasis added).

As is relevant to the instant motion, the SIR Endorsement contains the following provisions:

> If an aggregate "self insured retention" amount is shown in the Schedule of this endorsement, the aggregate amount is the most you will pay for all "self insured retention" amounts incurred under this policy due to application of the per "occurrence" "self insured retention" or per claim "self insured retention" provisions of this endorsement, whichever is applicable. This amount applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations of this policy. [Id. at 48 (SIR Endorsement § I.A.3).]

\*\*\*

> You [the insured] are responsible for payment of all "defense costs" within the "self insured retention" amount(s), subject to application of an aggregate amount, if applicable. [Id. at 48 (SIR Endorsement § I.B.1).]

\*\*\*

> The insurance afforded by the subject policy *does not apply to*, nor is Aspen under any obligation or duty to pay for *"defense costs,"* except as may apply in excess of the aggregate SIR, if applicable, *if the insured equals that amount* by the insured's payment of SIR amounts *during the policy period*. In *that event only*, would Aspen at that time have a duty to assume *all*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

*subsequent payments* of "defense costs" incurred *for the remainder of the policy period*. [Id. at 51 (SIR Endorsement § II.C.1) (emphasis added).]

\*\*\*

Regardless of whether the damages for "bodily injury", "property damage", "personal and advertising injury", medical payments or any other such coverage's for which coverage is provided under this policy appear likely to exceed the "self insured retention" amounts slated above, *we shall have the right, but not duty, to defend* any "claim" seeking damages for which coverage would be provided under this policy in the absence of the "self insured retention" amount. [Id. at 51 (SIR Endorsement § II.D.3) (emphasis added).]

### B. Aspen's Complaint for Declaratory Judgment

In the instant complaint seeking declaratory relief, Aspen alleges that defendants have tendered the following "non-helmet claims" to Aspen, collectively referred to as the "Underlying Actions":

Doll v. Easton-Bell Sports, Inc., 6th Judicial Circuit, Platte County, Missouri, Case No. 13AE-CV02129 ("Doll");

Harman v. Target Corporation, et al., Los Angeles Superior Court Case No. BC489100 ("Harman");

Pancoast, et ux. v. Bell Sports, Inc., et al., Court of Common Pleas, Delaware County, Pennsylvania, Case No. 2014-008283 ("Pancoast"); and

Llanos v. Modell's Sporting Goods, Inc., et al., Supreme Court of New York, County of Bronx, Index No. 300883/14 ("Llanos").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

Compl. ¶ 13. The complaint alleges that "[f]ollowing [d]efendants' determination" that the $1,500,000 self-insured retention in the Aspen Policy for non-helmet claims had been satisfied in or about February 2015, defendants "began submitting attorney fee invoices relating to the Underlying Actions to Aspen for reimbursement and/or direct payment, and/or asked Aspen to assume control of the defense and responsibility for the payment of defense costs in the Underlying Actions." Id. ¶ 14.

On or about May 27, 2015, Aspen alleges that it advised defendants that Aspen had no duty to defend and no duty to reimburse or otherwise pay the defense costs actually incurred by defendants in the Underlying Actions. Id. ¶ 15. Aspen advised defendants that "pursuant to the policy articulated in the SIR Endorsement," the Aspen Policy "provided coverage only on an excess basis." Id. ¶ 16. Specifically, Aspen alleges that the aforementioned provisions in the SIR Endorsement "make it clear that if, and only if, Defendants made payments of the aggregate SIR *during the policy period*, then, and only then, would Aspen be obligated to make payments of defense costs," and even then, "only for the remainder of the policy period." Id. ¶ 16, 17 (emphasis added) (citing SIR Endorsement §§ II.A, I.B.1, II.C.1).

Relying primarily upon Section II.C.1 of the SIR Endorsement, Aspen alleges that "because the aggregate SIR for the non-helmet claims was not satisfied until after expiration of the policy period, Aspen's obligation to reimburse defense costs in connection with the Underlying Action never arose." Id. ¶ 18. Accordingly, Aspen seeks a declaration from the Court that (1) Aspen has no continuing "duty to defend" the insureds, and that (2) Aspen has no continuing duty to "reimburse and/or pay" the insureds for defense costs they have incurred with respect to the underlying claims. Id. ¶¶ 19-20.

### III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV. DISCUSSION**

Plaintiff Aspen Specialty Insurance's complaint seeks two judicial declarations. First, Aspen seeks a declaration that it "has no duty to defend Defendants in any of the Underlying Actions." Compl. ¶ 23. Second, Aspen seeks a declaration that it "has no duty to reimburse and/or pay the defense costs actually incurred or being incurred in the Underlying Actions." Id. ¶ 27. In response to Aspen's allegations in the complaint, defendants offer two arguments in support of the instant motion to dismiss.[1] First, defendants argue that the Policy makes clear that Aspen promises to defend the insureds either (a) until the underlying claims are concluded, or (b) until the Aspen Policy is exhausted by payment of judgments or settlements. See Motion at 8-11. Second, defendants argue that the SIR Endorsement—in particular, the section upon which Aspen relies in its complaint (Section II.C.1)—does not relieve Aspen of the defense obligation purportedly established by the earlier portions of the Policy. See id. at 11-17.

With respect to any alleged duty to defend, Aspen argues in its opposition to the instant motion that the SIR Endorsement makes clear that it "changes the policy terms and controls in [the] event of a conflict with the other terms of the Aspen Policy," and that additional provisions in the SIR "expressly negate any duty to defend on the part of Aspen and directly contradict the arguments advanced in Defendants' motion." Opp'n at 5-6. With respect to any duty to pay defense costs, Aspen argues that the SIR Endorsement makes clear that only if and when defendants satisfy the aggregate SIR *during the actual policy period* (and not years later, as allegedly occurred here) might

---

[1] The Court notes that a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)(c) is "functionally identical" to a motion brought pursuant to Rule 12(b)(6), such that "the same standard of review" applies to motions brought under either Rule 12(c) or 12(b)(6). Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

Aspen have any obligation to pay defense costs for covered claims. See Opp'n at 1; see also discussion *infra* at Part IV.B. According to Aspen's complaint, because defendants do not claim to have satisfied the relevant $1,500,000 aggregate SIR *during the policy period*, Aspen has no duty under the Policy to reimburse or pay defense costs for the Underlying Actions. Id. The Court discusses the merits of these arguments in the discussion that follows.

    A.    **Aspen's Duty to Defend**

        1.    **The Effect of the SIR Endorsement**

At bottom, the chief dispute between the parties in the instant motion involves the scope and substantive effect of the SIR Endorsement on the remainder of the Aspen Policy—in particular, on the duty to defend provisions in the "Products/Completed Operations Liability Coverage Form." An SIR endorsement like the one here "effectively transforms what is labeled a primary policy into an excess policy covering only amounts in excess of the amount of the SIR." General Star Nat. In. Corp. v. World Oil Co., 973 F. Supp. 943, 949 (C.D. Cal. 1997) (Pregerson, J.) (citing General Star Indemnity Co. v. Superior Court, 47 Cal. App. 4th 1586, 1593 (1996)). "It is well settled that an excess insurer has no duty to defend unless the underlying primary insurance is exhausted, absent policy language to the contrary. [Citations.] One of the reasons for this rule is that the defense obligation falls on the primary insurer, whose greater premium reflects that risk." Legacy Vulcan Corp. v. Superior Court, 185 Cal. App. 4th 677, 695 (2010) (citations omitted). Thus, "[d]efense obligations of excess insurers arise only when primary insurance coverage is exhausted." City of Oxnard v. Twin City Fire Ins. Co., 37 Cal. App. 4th 1072, 1077 (1995). Accordingly, plaintiff argues in opposition to the instant motion (1) that the SIR Endorsement establishes that the Aspen Policy is an excess policy, and therefore (2) Aspen had no duty to defend and no duty to pay defense costs unless and until the aggregate SIR—in this case, $1,500,000—was satisfied "during the policy period," as expressly required by Section II.C.1 of the SIR Endorsement. Opp'n at 10.

As Aspen rightly notes, the California Court of Appeals' decision in General Star Indemnity v. Superior Court is patriuclarly instructive. 47 Cal. App. 4th 1586 (1996). In that case, an SIR endorsement followed a series of CGL forms that provided "[1] the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

familiar coverage for 'bodily injury' or 'property damage' caused by an 'occurrence,'" and further provided "[2] that [the insurer] ha[d] the duty to defend a suit seeking such damages." Id. at 1589.  However, in language identical to that of the Aspen SIR Endorsement, the first words at the top of the General Star Indemnity SIR endorsement unambiguously stated, "THIS ENDORSEMENT CHANGES THE COMMERCIAL LIABILITY POLICY.  PLEASE READ IT CAREFULLY."  Id. at 1590.  The General State Indemnity SIR endorsement also expressly stated, again in language nearly identical to that of the Aspen SIR Endorsement, that the terms of the SIR endorsement control "[i]n the event of conflict with any provisions elsewhere in the policy."[2]  Id.  Finally, the SIR Endorsement further provided, once again in language reminiscent of a provision in the Aspen SIR Endorsement, that the insurer "shall have the right *but not the duty* to assume charge of the defense and/or settlement of any claim or 'suit' brought against [the insured]."[3]  Id. (emphasis added).

Upon review of what the Court of Appeals called "the rather clear language of the policy," the court concluded that the General Star Indemnity SIR endorsement

---

[2] The Aspen SIR Endorsement states that "[t]he insurance provided by this policy is subject to the following additional provisions, *which in the event of conflict with any other provisions elsewhere in the policy, shall control* the application of the insurance to which this endorsement applies."  Compl., Ex. 1 at 47 (SIR Endorsement at 1) (emphasis added).

[3] Specifically, the Aspen SIR Endorsement provides as follows:

> Regardless of whether the damages for "bodily injury", "property damage", "personal and advertising injury" medical payments or any other such coverage's [*sic*] for which coverage is provided under this policy appear likely to exceed the "self insured retention" amounts slated above, *we shall have the right, but not duty, to defend any "claim"* seeking damages for which coverage would be provided under this policy in the absence of the "self insured retention" amount.

Compl., Ex. 1 at 51 (SIR Endorsement § II.D.3) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

"*eliminate[d] the duty to defend* and replace[d] it with a contingent duty" to reimburse only a portion of defense costs. Id. at 1589, 1590 (emphasis added). Although "standing alone" the commercial general liability forms "provide[d] [for a] familiar . . . duty to defend," the SIR endorsement, "which by its express terms control[led], effectively transform[ed] the policy from a primary policy into an excess policy covering only amounts in excess of the . . . self-insured retention." Id. at 1593 (citing Wiemann v. Indus. Underwriters Ins. Co., 177 Cal. App. 3d 38, 41 (1986) (policy containing self-insured retention endorsement with retained limit provides excess insurance)).

Other courts to have considered similar SIR endorsement provisions have also concluded that such language effectively converts what might otherwise be a primary policy (and its accompanying duty to defend) into an excess policy covering only amounts in excess of the amount of the aggregate SIR. See, e.g., McMillan Const. Servs., L.P. v. Arch Specialty Ins. Co., No. 10CV2592 DMS MDD, 2011 WL 3841081, at *3 (S.D. Cal. Aug. 29, 2011) (finding that an insurer's policy did not include a duty to defend because its SIR endorsement was "conspicuous, plain and clear" and the insureds "fail[ed] to explain how the SIR Endorsement at issue . . . [was] different from that in [General Star Indemnity]"); Ins. Co. of the State of Pennsylvania v. Acceptance Ins. Co., No. SACV01-0225-DOC-ANX, 2002 WL 32515066, at *6 (C.D. Cal. Apr. 29, 2002) (finding that even though "the [relevant SIR] endorsement does not expressly provide that it will control in the event of a conflict, as in General Star Indemnity, it [nonetheless] clearly places the insured on notice that the additional provisions of the Endorsement change the general policy terms and conditions and are separate requirements.").

Aspen also points to additional provisions in the SIR that further make clear that Aspen was not a primary insurer with a "first dollar" duty to defend. See, e.g., SIR Endorsement § I.B.1 ("You [the insured] are responsible for payment of all 'defense costs' within the 'self insured retention' amount(s), subject to application of an aggregate amount, if applicable."), § II.A ("In no event shall this policy be obligated to satisfy your obligations for the payment of "self insured retention" amounts or "defense costs"), § II.C.1 ("This insurance does not apply to, nor are we under any obligation or duty to pay for "defense costs", except as may apply excess of an Aggregate "self insured retention" amount, if applicable . . . ."). Notably, defendants fail in both their motion and reply substantively to distinguish General Star Indemnity and its progeny. Accordingly, Aspen contends that because the relevant language in the Aspen SIR is "virtually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

indistinguishable from the SIR endorsement at issue in General State Indemnity,"Aspen has successfully stated its first claim for relief seeking a judicial determination that it has no duty to defend defendants in the underlying actions on account of the superseding SIR Endorsement.  For reasons discussed *supra*, the Court agrees and accordingly denies defendants' motion to dismiss plaintiff's first claim for declaratory relief.[4]

### B.    Aspen's Duty to Reimburse / Pay Defense Costs

Aspen's complaint also seeks a judicial declaration that it "has no duty to reimburse and/or pay the defense costs actually incurred or being incurred in the Underlying Actions."  Compl. ¶ 27.  According to Aspen, paragraphs I.B.1 and II.C.1. of the SIR Endorsement make clear that "it is only if Defendants satisfy the aggregate SIR *during the policy* period that Aspen has an obligation to pay defense costs for potentially covered claims."  Opp'n at 1 (emphasis added).  Thus, because defendants allegedly did not satisfy and do not claim to have satisfied the aggregate SIR *during the policy period*, Aspen argues it has no duty to reimburse and/or pay defense costs for the Underlying Actions.  Id.  The two paragraphs in the SIR Endorsement upon which Aspen primarily relies read as follows:

> II.    "Self Insured Retention" and "Defense Costs" – Our Rights and Obligations

---

[4] In their reply, defendants argue that "Aspen simply ignores" a second, additional self-insured retention endorsement in the Policy that also "requires Aspen to defend its insureds against potentially covered claims once an applicable retention has been met."  Reply at 8.  According to defendants, the SIR Endorsement upon which Aspen relies "*does not expressly delete or supersede*" the other SIR endorsement.  Id. (emphasis).  However, defendants' assertion lacks merit.  As Aspen noted at oral argument, the page immediately following the SIR Endorsement upon which Aspen relies states, "IT IS HEREBY. UNDERSTOOD AND AGREED: THAT ENDORSEMENT #1, SELF INSURED RETENTION (SIR) ENDORSEMENT, SUPERCEDES ALL OTHER SIR FORMS OR ENDORSEMENTS LISTED ON THE POLICY."  Compl., Ex. 1 at 62 (referencing the SIR Endorsement upon which Aspen relies in its complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

> A. In no event shall the subject policy be obligated to satisfy the insured's obligations for the payment of SIR amounts or "defense costs." [SIR Endorsement § II.A.]
>
> ***
>
> C. "Defense Costs"
>
> 1. The insurance afforded by the subject policy does not apply to, nor is Aspen under any obligation or duty to pay for "defense costs," except as may apply in excess of the aggregate SIR, if applicable, if the insured equals that amount by the insured's payment of SIR amounts *during the policy period. In that event only*, would Aspen at that time have a duty to assume *all subsequent payments* of "defense costs" *incurred for the remainder of the policy period.* [Id. at § II.C.1 (emphasis added).]

In the instant motion, defendants argue that Aspen's interpretation of Section II.C.1 of the SIR Endorsement (the "during the policy period" provision) fails as a matter of law for at least four reasons: first, defendants argue that Section II.C.1 is "reasonably susceptible" to an interpretation that affords coverage and therefore must be construed against the insurer and in favor of the insured to maximize coverage; second, defendant contends that Aspen's proposed interpretation of Section II.C.1 would render it inconsistent with the Policy as a whole, and therefore runs afoul of the principle that insurance policy provisions must be interpreted in the context of the entire policy and construed, if possible, in a manner that gives effect to each provision; third, defendants argue that Aspen's proposed construction of Section II.C.1 would unnecessarily and impermissibly transform it into "an unclear and inconspicuous nullification of coverage"; and fourth, defendants argue that Aspen's proposed construction "is contrary to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

reasonable expectations of its insureds." Motion at 11, 11-17. As explained below, the Court finds defendants' various arguments to be unpersuasive.

    First, defendants' contention that Aspen's proposed interpretation of Section II.C.1 "is not reasonable" fails. In defendants' view, Section II.C.1 "makes an affirmative promise to the insured: if the insured satisfies the applicable aggregate retention during the policy period, Aspen 'would at that time have a duty to assume all subsequent payments of "defense costs" incurred for the remainder of the policy period.'" Motion at 12 (citing SIR Endorsement § II.C.1). In light of this view, defendants insist that "[i]t is not reasonable to interpret this *affirmative* promise about something that Aspen *will* do into a *negative* statement that it will *not* do anything else, as Aspen seeks to do." Motion at 12 (emphasis in original). "In short," defendants contend that "Aspen seeks to convert a promise of coverage into an exclusion." Id. However, in making this assertion throughout their briefing, defendants appear completely to ignore the express exclusionary language in Section II.C.1—that is, unambiguous language indicating that the promise to which defendants refer applies "*only*" in the event that "the insured's payment of SIR amounts *during the policy period*" meet the aggregate SIR, and that *only then* would Aspen, "at that time," have a duty to assume "all *subsequent* payments of 'defense costs' incurred *for the remainder of the policy period*." SIR Endorsement § II.C.1.

    Defendants' second argument that Aspen's reading of Section II.C.I "would render numerous provisions of the Aspen Policy unintelligible" is also unavailing. Motion at 13. As an initial matter, defendants essentially ignore the SIR Endorsement's express admonishment that the endorsement "CHANGES THE POLICY" and that the "additional provisions . . . shall control" the application of the insurance "in the event of conflict with any other provisions elsewhere in the policy."[5] SIR Endorsement at 1-2; see

---

[5] For example, defendants argue that "the Insuring Agreement of the Policy promises unambiguously that Aspen will defend potentially covered claims without any temporal limitation except that Aspen's duty to defend terminates only upon exhaustion of its Policy limit through payment of judgments or settlements." Motion at 14 (citing Compl., Ex. 1 at §§ 1.a & 1.a(2)). However, in advancing this argument, defendants cite to portions of the Policy regarding Aspen's duty to defend that are effectively superseded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                'O'

| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

Motion at 14. Indeed, any mention of the SIR Endorsement's language regarding what controls "in the event of conflict" is notably absent from both defendants' motion and reply, despite Aspen's reliance upon such language in their opposition. The Court recognizes, however, that defendants' argument is not limited to purported inconsistencies between the SIR Endorsement and earlier portions of the Policy; defendants also contend that Aspen's proposed construction of Section II.C.1 would render "nonsensical" various provisions *within* the SIR Endorsement itself. Motion at 14 (citing SIR Endorsement §§ I.A.3, I.A.1.a, I.A.1.b,, I.A.2.a, I.A.2.b , I.B.1). According to defendants, these "other provisions of the SIR Endorsement itself state plainly that the only defense costs for which the insureds will be responsible are those within the retention." Id. In particular, defendants argue that the following provisions, which contain no temporal qualifier, "cap the insureds' duty to pay defense costs to those costs that fall within the applicable retentions," such that the cap is still operative if reached after the policy period expires:

> If a per "occurrence" all other hazards "self insured retention" amount is shown in the Schedule of this endorsement, it is a condition precedent to our liability that *you make actual payment of all damages* for each covered "occurrence" or offense . . . until you have paid "self insured retention" amounts equal to the per "occurrence" all other hazards amount shown in the Schedule . . . The per "occurrence" amount [i.e., $500,000] *is the most you will pay* for "self insured retention" amounts *and "defense costs"* arising out of any one "occurrence" or offense . . . . [SIR Endorsement §§ I.A.1.a (emphasis added).]
>
> [T]he aggregate [SIR] amount [i.e., $1,500,000] *is the most you will pay* for all "self insured retention" amounts incurred under this policy due to application of the per "occurrence" "self insured retention" . . . provisions of this endorsement . . . ." [Id. § I.A.3. (emphasis added)]

---

by the SIR Endorsement, as discussed *supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

> You are responsible for payment of all "defense costs" within
> the "self insured retention" amount(s), subject to application of
> an aggregate amount, if applicable. [Id. § I.B.1.]

Despite defendants' contentions, the Court does not find these provisions to be rendered "nonsensical" by Aspen's reading of Section II.C.1. Again, Aspen argues that II.C.1 establishes that only when the aggregate SIR of $1,500,000 is met "during the policy period" will Aspen have an obligation to "assume all subsequent payments of *'defense costs'* incurred for the remainder of the policy period." SIR Endorsement § II.C.1 (emphasis added). This does not irreconcilably conflict with Section I.A.3, which states that "the aggregate [SIR] amount [i.e., $1,500,000] is the most you [the insured] will pay for all *'self insured retention'* amounts incurred under this policy"; crucially, Section I.A.3 *does not* state that the aggregate SIR amount of $1,500,000 "is the most [the insured] will pay" for all *defense costs.* Indeed, as defendants appear to acknowledge, the SIR Endorsement generally distinguishes between the parties' rights and obligations with respect to "Self Insured Retention" and coverage for damages/indemnity on the one hand, and "Defense Costs" on the other, typically placing the respective provisions for each category of coverage under different headings and subheadings. See, e.g. SIR Endorsement §§ IV.B, IV.C (providing separate definitions for "defense cost" and "self insured retention"). Defendants rely heavily upon instances in the SIR Endorsement purportedly indicating that "the $500,000 per-occurrence retention is '*the most*' that the insureds will ever have to pay for defense costs *and* indemnity amounts [i.e., self insured retention] arising from any potentially covered occurrence." Reply at 11 (second emphasis added); see SIR Endorsement §§ I.A.1.a, I.A.1.b. While these provisions regarding *per-occurrence* retention admittedly contain no express temporal limitation, they do not necessarily conflict with Section II.C.1, which relates to the "*Aggregate* 'self insured' retention' amount" (not the per "occurrence" retention) and does contain a "during the policy period" temporal limitation.

Defendants' third argument—that Aspen's interpretation of Section II.C.1 fails because it seeks to insert a limitation on coverage that is not "conspicuous, plain and clear"—is similarly unavailing. Defendants attempt to characterize Section II.C.1 as a "disguised" exclusion to coverage that "is located fifty-one pages into the Policy . . . in the same typeface and size as the remaining provisions of the policy, with nothing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

distinguish it as an exclusion or to attract the reader's attention." Motion at 15, 16. Under California law, as defendants note,

> to be enforceable, any provision that takes away or limits coverage reasonably expected by an insured must be "conspicuous, plain and clear." Thus, any such limitation must be placed and printed so that it will attract the reader's attention. Such a provision also must be stated precisely and understandably, in words that are part of the working vocabulary of the average layperson.

Haynes v. Farmers Ins. Exchange, 32 Cal.4th 1198, 1204 (2004) (citations omitted) (emphasis added). Here, however, Aspen's SIR Endorsement is only seven-pages long and includes numerous admonishments regarding its effect on the commercial general liability forms that precede it. See *supra*. As explained previously, these admonishments are nearly identical to those included in the SIR endorsement at issue in General Star Indemnity, in which the California Court of Appeals found that the SIR endorsement "eliminate[d] the duty to defend" that was otherwise established in the preceding CGL pages and "replace[d] it" because the SIR endorsement, as in the instant case, "expressly control[led] over the [CGL] forms." Gen. Star Indem. Co. v. Superior Court, 47 Cal. App. 4th at 1590. Accordingly, to the extent to which Section II.C.1 is in fact an exclusion and not a substantive provision, it is sufficiently "conspicuous, plain, and clear." Haynes, 32 Cal. 4th at 1213.

      Finally, defendants also argue that Aspen's interpretation of Section II.C.1 fails because insureds, like defendants here, reasonably expect their insurers to provide a complete defense. Motion at 16-17. According to defendants, Aspen's interpretation "would nullify its express obligation to provide its insureds with a complete defense against potentially covered claims by limiting that obligation to payment of defense costs incurred during the policy period," and therefore "is contrary to any reasonable expectation that its insureds would form on the basis of not only the policy language but also well-settled principles regarding the scope of insurers' defense obligations." Id. at 17. Again, this argument fails because it ignores the express limiting language of the SIR endorsement, which, as explained *supra*, largely replaces the CGL forms' duty to defend provisions upon which defendants rely. See, e.g., SIR Endorsement § II.D.3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-6324-CAS(FFMx) | Date | January 4, 2016 |
| Title | ASPEN SPECIALTY INSURANCE COMPANY v. RIDDELL, INC. ET AL. | | |

("Regardless of whether the damages . . . for which coverage is provided under this policy appear likely to exceed the 'self insured retention' . . . , *we shall have the right, but not duty, to defend* any 'claim' seeking damages for which coverage would be provided under this policy in the absence of the 'self insured retention' amount."); Compl., Ex. 1 at p. 47 (SIR Endorsement at 2) ("The Insurance provided by this policy is subject to the following additional provisions, *which in the event of conflict with any other provisions elsewhere in the policy, shall control* the application of the Insurance to which this endorsement applies.") (emphasis added).

Accordingly, the Court denies defendants' motion to dismiss plaintiff's second claim for declaratory relief.

**V.     CONCLUSION**

In accordance with the foregoing, defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby **DENIED**.

The Court orders the parties to meet and confer regarding their settlement options and sets a Telephone Status Conference on **January 21, 2016 at 12:00 PM.** Counsel for **PLAINTIFF** is ordered to initiate the telephone conference call **THROUGH THE TELEPHONE OPERATOR** to include all counsel of record, and **CHAMBERS at (213) 894-8551** on the date and time scheduled. If the Court's conference line is busy, continue to try to connect, the Court may be finalizing a previous conference call. Counsel shall be available 30 minutes prior and 30 minutes after the time scheduled for the telephone conference.

NOTE: During the telephonic hearing, counsel must identify themselves before they speak for the benefit of the Court.

IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | CL | |